**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 22-6649**

_____

LEXIE WILLIAMS,

        Plaintiff - Appellant,

    v.

DR. ROBLES; DR. GRADDY; DR. DUBOIS; DR. NOGO,

        Defendants - Appellees.

_____

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Louise W. Flanagan, District Judge.  (5:21-ct-03246-FL)

_____

Submitted:  January 6, 2023                                Decided:  January 18, 2023

_____

Before WYNN and THACKER, Circuit Judges, and KEENAN, Senior Circuit Judge.

_____

Dismissed by unpublished per curiam opinion.

_____

Lexie Williams, Appellant Pro Se.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Lexie Williams seeks to appeal the district court's order dismissing his complaint under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) pursuant to 28 U.S.C. § 1915(e)(2)(B).  We dismiss the appeal for lack of jurisdiction because the notice of appeal was not timely filed.

When the United States or its officer or agency is a party in a civil case, the notice of appeal must be filed no more than 60 days after the entry of the district court's final judgment or order, Fed. R. App. P. 4(a)(1)(B), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5) or reopens the appeal period under Fed. R. App. P. 4(a)(6).  "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007).

The district court entered its order on February 28, 2022.  Williams filed the notice of appeal on May 25, 2022.[*]  Because Williams failed to file a timely notice of appeal or obtain an extension or reopening of the appeal period, we dismiss the appeal.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*

---

[*] For the purpose of this appeal, we assume that the date appearing on Williams' Declaration of Inmate Filing and postmark appearing on the envelope containing the notice of appeal and Declaration is the earliest date Williams could have delivered the notice to prison officials for mailing to the court.  Fed. R. App. P. 4(c)(1); *Houston v. Lack*, 487 U.S. 266, 276 (1988).